Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JAIME DE LEÓN HERNÁNDEZ<br><br>Peticionario | KLCE202400185 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Sobre:<br>-Art. 93 CP<br>Recl. a Art. 95 CP<br>-Art. 158 CP<br>Recl. a Art. 244 CP<br>-Art. 285 CP<br>-Art. 5.07 LA<br>Recl. a Art. 5.06 LA<br><br>Caso Número:<br>NSCR201301312<br>al 1319 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

El peticionario, señor Jaime De León Hernández, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 17 de enero de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* una solicitud presentada por el peticionario, mediante la cual peticionó una enmienda a su sentencia, alegando la aplicación retroactiva de la Ley de Armas de 2020, Ley 168-2019, 25 LPRA sec. 461 *et seq.*

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El peticionario es miembro de la población correccional de la Institución Ponce 1000. En la misma, extingue una pena de reclusión por, entre otros delitos, dos cargos por infracción al Artículo 5.06 de la derogada Ley de Armas de 2000, Ley Núm. 404-

2000, 25 LPRA sec. 458e, que tipifica el delito de posesión de un arma de fuego sin licencia, ello en su modalidad grave. Como resultado, fue sentenciado a diez (10) años por cada cargo, a cumplirse de manera consecutiva, todo para una pena total de veinte (20) años de cárcel. Según surge de la *Minuta* del 27 de febrero de 2014, la referida sentencia fue dictada luego de que el peticionario hiciera una alegación de culpabilidad y de que el tribunal primario eliminara la reincidencia imputada.

El 12 de enero de 2024, el peticionario compareció ante el Tribunal de Primera Instancia mediante *Moción* por derecho propio. En la misma, solicitó que se enmendara su sentencia, a los fines de que se ajustara la pena que se le impuso por los dos (2) cargos de la Ley 404-2000, *supra*, de conformidad con las disposiciones de la vigente Ley de Armas de 2020, Ley 168-2019, 25 LPRA sec. 461 *et seq.* En específico, argumentó que el antedicho estatuto derogó la Ley de Armas de 2000, *supra*, y que, en virtud del principio de favorabilidad, por ser la ley más benévola, el tribunal venía llamado a aplicar a su sentencia los términos del Artículo 6.08 de Ley 168-2019, *supra*, disposición análoga al derogado Artículo 5.06, *supra*. Según sostuvo, el referido precepto, que actualmente tipifica la posesión de armas de fuego sin licencia, contempla una pena de menor a la estatuida en aquel en virtud del cual se le sentenció. Así, solicitó al Tribunal de Primera Instancia celebrar una vista en la que se procediera de conformidad.

El 17 de enero de 2024, el Tribunal de Primera Instancia dictó la *Resolución* aquí recurrida. En virtud de la misma, declaró *No Ha Lugar* la solicitud del peticionario. Como fundamento, indicó que la Ley 168-2019, *supra,* no era de beneficio ni reducía la pena de los delitos por los cuales el peticionario resultó convicto.

Inconforme, el 5 de febrero de 2024, el peticionario compareció ante nos mediante el presente recurso de *certiorari.* En

el mismo, objeta la antedicha determinación, reiterándose en su argumento.

Procedemos a expresarnos.

## II

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.*, 2023 TSPR 65, 212 DPR ____ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. Mcneil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).  Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, supra, pág. 917; *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

**III**

Un examen del expediente de autos mueve nuestro criterio a no intervenir con lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de la discreción. Además, dado a que el Artículo 7.25 de la Ley 168-2019, 25 LPRA sec. 467l, contiene una cláusula de reserva, en virtud de la cual se reconoce que la conducta delictiva realizada con anterioridad a su vigencia, será regida y juzgada conforme las disposiciones de la Ley 404-2000, *supra*, no era procedente la solicitud del peticionario.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones